Peter Kleidman, Plaintiff, pro se
680 E. Main St., #506
Stamford CT 06901
Telephone: 971 217 7819
Facsimile: 971 228 6000
Email: kleidman11@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Peter Kleidman,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Hon. Martin R. Barash;<br>Hon. Maureen A. Tighe, Chief Judge<br><br>　　　　Defendants | Case No.: 2:22-cv-00610-DMG-JPR<br><br>Complaint for<br>1) VIOLATION OF DUE PROCESS<br>2) DECLARATORY RELIEF<br>3) INJUNCTIVE RELIEF<br>4) VIOLATION OF DUE PROCESS AND EQUAL PROTECTION<br>5) VIOLATION OF DUE PROCESS AND EQUAL PROTECTION<br>6) VIOLATION OF DUE PROCESS AND EQUAL PROTECTION<br>7) VIOLATION OF DUE PROCESS AND EQUAL PROTECTION<br>8) VIOLATION OF DUE PROCESS AND EQUAL PROTECTION<br>9) VIOLATION OF FEDERAL RULE OF APPELLATE PROCEDURE 47<br>10) DECLARATORY RELIEF |

FIRST AMENDED COMPLAINT – 1

Plaintiff hereby alleges as follows

Regarding venue and jurisdiction, Plaintiff makes no allegations since this case was removed from state court.

1. The Honorable Maureen A. Tighe is the Chief Judge of the Central District of California Bankruptcy Court. Chief Judge Tighe is not sued herein for any alleged wrongdoing

2. Plaintiff is the debtor in bankruptcy case 1:12-bk-11243-MB in the Central District of California, San Fernando Valley Division. The presiding judge is Hon. Martin R. Barash.

3. Within this bankruptcy case, there is an adversary proceeding, Kleidman v. Hilton & Hyland Real Estate, Inc., et al., 1:17-ap-01007-MB (*Kleidman v. Hilton & Hyland*), in which Plaintiff is the plaintiff and Judge Barash is also presiding. *Kleidman v. Hilton & Hyland* commenced in January, 2017 and is currently on appeal.

4. Over the course of the proceedings in *Kleidman v. Hilton & Hyland*, Judge Barash has developed intense feelings of animosity against Plaintiff, so much so that Judge Barash is no longer capable of ruling equanimously and dispassionately. Rather, his intense feelings enflame his emotions and his feelings of hostility distort his sense of justice, and impair his desire to do justice evenhandedly. His goal now is to punish Plaintiff and ensure that Plaintiff loses. In the course of the proceedings, he has manifested his hostility towards Plaintiff by (inter alia) raising his voice angrily at Plaintiff. He has also hurled excessively harsh, unfounded accusations at Plaintiff at hearings and a conference, without giving Plaintiff any warning.

5. Plaintiff is protected from Judge Barash's erroneous rulings on issues of law, and even on mixed issues of law and fact where the legal component is predominant, because there is plenary review on appeal. However, Plaintiff has no such protection on Judge Barash's rulings which are subject to deferential appellate

review. On such issues, Judge Barash can impose his personal feelings of animosity towards Plaintiff, and rule against Plaintiff with relative impunity, since appellate review would be relatively ineffective.

6. On discretionary matters, Judge Barash will not use his best efforts to apply legal principles to achieve a just result, but rather will invoke his personal feelings against Plaintiff so as to impose his own personal will and rule against Plaintiff to the maximum extent possible because of his feelings of animosity.

7. Plaintiff's only recourse is an original action, such as this one, to unearth the facts regarding Judge Barash's feelings of hostility and animosity towards Plaintiff. Once Judge Barash's feelings are brought to light, the appropriate remedy would be equitable relief barring Judge Barash from presiding over *Kleidman v. Hilton & Hyland.* As a matter of due process, Plaintiff is entitled to fundamentally fair proceedings, and he cannot enjoy such rights given Judge Barash's intense feelings of animosity towards Plaintiff.

8. Counts 6 – 9 challenge the constitutionality of certain appellate rules. These rules, as they currently stand, are more likely to benefit Judge Barash and work a hardship against Plaintiff in these proceedings. Therefore, there is an actual controversy between the parties, because Plaintiff's chances of prevailing herein are enhanced if these rules are dismantled, and diminished if these rules remain in place.

## COUNT 1
## VIOLATION OF DUE PROCESS

9. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

10. Given Judge Barash's intense feelings of animosity towards Plaintiff, Plaintiff has not been afforded a fair trial in *Kleidman v. Hilton & Hyland*. Therefore, Judge Barash has violated Plaintiff's due process rights by imposing his own, personal sense of justice and personal sensitivities in a manner adverse to Plaintiff, instead

of ruling with unadulterated impartiality and disinterestedness.

## COUNT 2

## DECLARATORY RELIEF

11. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

12. Given Judge Barash's intense feelings of animosity towards Plaintiff, and Plaintiff's right to due process in *Kleidman v. Hilton & Hyland*, Plaintiff requests and deserves a judicial declaration that Judge Barash has violated Plaintiff's due process rights in that case, and a declaration that Judge Barash is not impartial, equanimous and dispassionate, but rather is hostile towards Plaintiff.

## COUNT 3

## INJUNCTIVE RELIEF

13. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

14. Given the foregoing, Plaintiff requests and deserves injunctive relief, enjoining Judge Barash from presiding over *Kleidman v. Hilton & Hyland*.

## COUNT 4

### Violation of Due Process and Equal Protection

15. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

16. The Bankruptcy Court for the Central District of California has local bankruptcy rule LBR 9013(j)(1), which requires parties to appear at hearings, even when they are not providing testimony. CD Cal. LBR 9013(j)(1) ("moving and opposing parties … must be present at the hearing. … [F]ailure of … to appear … may be deemed consent to a ruling on the motion adverse to that … party's position").

17. This rule, LBR 9013(j)(1), is unconstitutional when combined with the further rule that a judge can forbid a remote appearance (e.g., via telephone or

videoconference) and require physical appearance. Thus LBR 9013(j)(1) requires an appearance, and a judge can forbid a remote appearance, and so these two factors can force a litigant to travel physically to the courtroom to appear.

18. When a party is not providing oral testimony, forcing the party to be physically present in the courtroom violates due process and equal protection as to litigants who live far away from the court. For instance in the instant circumstances, Plaintiff lives on the East Coast, and therefore requiring Plaintiff to physically appear in person forces him to pay substantial sums of money to travel, and impairs his liberty interests because Plaintiff would be confined for nearly two days without freedom of movement. Plaintiff would be confined to a vehicle to travel to the airport; confined to wait in the airport until boarding; confined to the plane from take-off until landing; confined to travel from the airport to the court (or to a hotel); and then confined physically in a similar manner on the return trip. In sum, forcing a litigant to travel coast-to-coast, round trip substantially impinges on the litigant's property and liberty interests. A party has the constitutional right to travel and live anywhere in the United States, and also the constitutional right of access to the courts. By exercising such rights, a party who lives far away from the court should not have his/her property and liberty interests impaired by fording the party to travel far distances to physically appear at the court.

19. A litigant should be allowed to waive his/her rights to oral argument and accept the consequence of standing on his/her papers. But forcing a party who lives far away from the court to lose merely because the party does not want to be physically present to avoid arduous travel (and instead wants to stand on his/her papers) violates due process and equal protection.

20. Insofar as an appearance is required, litigants who live far away should be afforded, as a matter of rights secured by due process and equal protection, the right to appear remotely. Given that the technology exists and is readily available for such remote appearances, it violates due process and equal protection to force a

FIRST AMENDED COMPLAINT – 5

litigant who lives far away to travel far distances to be physically present in the court.

## COUNT 5

### Violation of Due Process and Equal Protection

21. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

22. The US District Court for the Central District of California has local rule. L.R. 7-14, which states, "Counsel for the moving party and the opposing party shall be present on the hearing date." L.R. 7-14. This rule is similar to LBR 9013(j)(1) discussed in Count 4.

23. This rule, L.R. 7-14, is ambiguous because it is not clear what "Counsel" means when a party is self-represented. Insofar as this rule pertains to self-represented litigants, then it violates due process and equal protection in the same manner that LBR 9013(j)(1) does, as discussed in Count 4.

## COUNT 6

### Violation of Due Process and Equal Protection

24. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

25. Counts 1, 2, 3, will likely be decided against Plaintiff in the District Court because said Court will almost certainly follow the dictum in *Mullis*: "[W]hen a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial … immunity from damages, that immunity also will bar declaratory and injunctive relief." *Mullis v. US Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1304 (9th Cir. 1987). This statement is dictum because *Mullis* considers only particular types of equitable relief, namely, those that affect past-issued judgments and orders, whereas the instant action does not.

26. On appeal in the Ninth Circuit Court of Appeals ("CA9"), there is also a substantial risk that Counts 1, 2, 3 will be determined adversely to Plaintiff in a perfunctory, conclusory manner with a quick reference to *Mullis*. The Ninth Circuit panel reviewing Plaintiff's appeal will (with substantial probability) blindly follow *Mullis* under the Rule of Interpanel Accord ("RIA"). *US v. Dunn*, 728 F.3d 1151, 1156 (9th Cir. 2013), and dispense with this case in a few lines.

27. However, the RIA is unconstitutional. All decisions from all federal Courts of Appeals should have the exact same precedential and persuasive value throughout the United States. Since the Ninth Circuit is free to reject a decision from another circuit Court of Appeals (even out-of-circuit, en banc decisions), it should likewise be free to reject a prior decision from the Ninth Circuit. Giving different persuasive and precedential weights to decisions based on which Circuit issued the decision is the epitome of *unequal* protection under the law. It makes no sense for litigants in different *states* to be governed by different *federal* laws. Plaintiff therefore seeks a declaration that RIA is unconstitutional for violating equal protection.

28. Plaintiff further seeks a declaration that when the Ninth Circuit considers Plaintiff's upcoming appeal in this action, it must consider the question of immunity without being bound to *Mullis* or to any other decision by a Court of Appeals in any circuit. Rather, the appellate panel deciding this case on appeal must be bound only by Supreme Court precedent, Constitutional and statutory law. All other decisional law from the lower courts and the other Courts of Appeals can be considered for their persuasive value, but should not bind the appellate panel which decides the upcoming appeal in this action. Moreover, the degree of persuasive value of an opinion should be independent of the Circuit which issued the decision. In particular, the appellate panel which determines the upcoming appeal in this action should be free to reject *Mullis*.

29. By dismantling the RIA and allowing Courts of Appeals to freely reject prior opinions in their own Circuits, decisional law moves substantially closer to the

*correct* result, whereby "correct" here means correct according to the Supreme Court. With appellate panels free to reject decisional law in their own circuits, there is much greater opportunity for difference of opinion among appellate panels, and therefore far greater incentive for the Supreme Court to get involved to resolve the conflicts. In this sense, the RIA also violates due process because it impairs a litigant's ability to obtain a correct decision.

30. There is a genuine controversy between Plaintiff and Defendants since Defendants want to hang their hat on *Mullis* and particularly the dictum in *Mullis*. See Case Dkt. #13 at pp. 3-4. However, *Mullis* is bad law and the appellate panel deciding the upcoming appeal should not be bound thereby.

## COUNT 7

## Violation of Due Process and Equal Protection

31. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

32. Supreme Court Rule 10(a), states, in relevant part: "Review on a writ of certiorari is … a matter … of judicial discretion. … The following … indicate[s] the character of the reasons the Court considers: … a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." This phrase is reasonably construed as the Supreme Court being more inclined to review conflicting decisions when the decisions arise from different circuits (i.e., the phrase, "another United States court of appeals" suggests a different circuit). Insofar Supreme Court Rule 10(a) favors reviewing intercircuit conflicts over intracircuit conflicts, it violates equal protection and due process. Intercircuit conflict should not take a priority in the Supreme Court's docket over intracircuit conflict because all appellate opinions should be pari passu with one another in all respects (as a matter of equal protection), and declining to review intracircuit conflict merely because it is

intracircuit (as opposed to intercircuit) increases the risk of error, thereby at odds with due process (the goal of which is (inter alia) to obtain correct results).

## COUNT 8

### Violation of Due Process and Equal Protection

33. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

34. It is highly likely this case will be decided by CA9. Therefore, it is in Plaintiff's best interest that CA9 carefully, deliberatively, meticulously and collegially determine the likely, upcoming appeal to minimize the chance of error. The large majority of CA9's opinions are unpublished, and the probability of review by the Supreme Court is extremely low. Consequently there is a high likelihood this case will ultimately be decided by an unpublished, CA9 opinion. However, CA9's Rule 36-3 states that unpublished opinions have no precedential effect (except in limited circumstances not relevant here). Why would CA9 want only its published opinions to be binding precedent? The ineluctable answer is that CA9 has less confidence in the propriety and correctness of the statements in its unpublished opinions than it does in statements in its published opinions, since the former receive less due care than do the latter. However, this framework invidiously disincentivizes CA9's judges to work as diligently, collaboratively and intensely on unpublished opinions as they do on published opinions, thereby making the former more error-prone vis-à-vis the latter. For instance, taking shortcuts in the written exposition increases the risk of error. *Penson v. Ohio*, 488 US 75, 81-82, n. 4 (1988). Even "silent approaches and slight deviations from legal modes of procedure," which result in "stealthy encroachments" on constitutional rights, should be dismantled. *Boyd v. US*, 116 US 616, 635 (1886).

35. The appropriate remedy is a declaratory judgment that Ninth Circuit Rule 36-3 violates the equal protection component of the Fifth Amendment, and that any

opinion issued by CA9 in this case shall have full, precedential effect and persuasive value on par with all published opinions.

36. As a matter of due process and equal protection, all appellate opinions from all the Circuits should equal persuasive and precedential value, regardless of the circuit and regardless of whether the opinion is published.

## Count 9

### Violation of Federal Rule of Appellate Procedure 47

37. Plaintiff incorporates all prior allegations as if fully set forth herein.

38. Federal Rule of Appellate Procedure ("FRAP") 47 allows a court of appeals to adopt "rules governing its practice," provided such rules are consistent with federal law and do not "abridge … any substantive right." 28 USC § 2072(b). However, as argued above in Count 8, CA9's Rule 36-3 abridges the Fifth Amendment right of equal protection and due process, hence violates FRAP 47. Stare decisis is an aspect of substantive law, as opposed to a mode of practice, and its operation profoundly (albeit oft subconsciously) affects the manner in which court of appeals judges rule. A judge is prone (perhaps subconsciously) to take less care in his/her analysis if the opinion has no precedential value, and more care if his/her decision has precedential value. CA9's Rule 36-3 has a substantive impact on stare decisis, an aspect of substantive law, and therefore it is not merely a "rule[] governing … practice." FRAP 47.The appropriate remedy is a declaratory judgment that Ninth Circuit Rule 36-3 violates FRAP 47, and that any opinion issued by CA9 in this case shall have full, precedential effect and persuasive value on par with all published opinions.

## COUNT 10

### Declaratory Relief

39. Plaintiff re-alleges and re-incorporates by reference herein each and every allegation contained in all paragraphs as if set forth fully herein.

40. Defendants insists that they have immunity vis-à-vis Counts 1, 2, 3. But it is not clear exactly what his position is regarding Plaintiff's rights. Defendants proclaim immunity based on the following reasoning appearing in *Mullis*: "[A]n exception to judicial immunity for declaratory and injunctive relief is unnecessary in light of a federal litigant's extensive appeal rights and the procedures for extraordinary writs provided in Title 28 of the United States Code." Dkt. #13, pp. 3-4. Thus Defendants are taking one of three, possible positions. a) Plaintiff has no right of action, and Judge Barash has the unfettered right to invoke his hostility and animosity in his rulings against Plaintiff; or b) Plaintiff's remedy is an appeal; or c) Plaintiff's remedy is an extraordinary writ.

41. Plaintiff requests a declaratory judgment declaring which of these three alternatives is applicable here. This Court should pin down which of these three alternatives applies.

WHEREFORE, Plaintiff prays for judgment as follows:

i) For a declaratory judgment, declaring that Judge Barash violated Plaintiff's due process rights in *Kleidman v. Hilton & Hyland* because of his feelings of animosity towards Plaintiff and that Judge Barash is not impartial, equanimous and dispassionate, but rather is hostile towards Plaintiff.

ii) For injunctive relief, enjoining Judge Barash from presiding over *Kleidman v. Hilton & Hyland*.

iii) For a declaration that LBR 9013(j)(1) and L.R. 7-14 are unconstitutional (violating due process and equal protection) insofar as they force litigants who are far away from the court to be physically present, even when they are not providing oral testimony.

iv) For a declaration that the Rule of Interpanel Accord ("RIA") is unconstitutional (violating due process and equal protection), and that a court of appeals appellate panel should be free to reject a decision in its own circuit just like it is free to reject the decision from another circuit.

v) For a declaration that Supreme Court Rule 10(a) is unconstitutional (violating due process and equal protection) insofar as it provides that the Supreme Court should be less inclined to resolve intracircuit conflict as opposed to intercircuit conflict.

vi) For a declaration that Ninth Circuit Rule 36-3 is unconstitutional (violating due process and equal protection), since all appellate opinions should have the same degree of precedential and persuasive value (regardless of whether they are published or unpublished).

vii) For a declaration that Ninth Circuit Rule 36-3 violates FRAP 47, because it is substantive, as opposed to merely a rule of practice.

viii) For a declaration determining that one of the following holds: a) Plaintiff has no remedy at all against Judge Barash for his alleged animosity and hostility towards Plaintiff; or b) Plaintiff has a remedy by way of appellate proceedings; or c) Plaintiff has a remedy by seeking an extraordinary writ.

ix) For such other relief as the Court deems just and proper, including costs.

Dated: March 7, 2022

Respectfully,
By: /s Peter Kleidman
Peter Kleidman, Plaintiff, pro se